LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RICARDO WALKER, on behalf of himself and
all others similarly situated,

                           Case No.:

       Plaintiff,                  **CLASS ACTION COMPLAINT**

             -against-

F & J STEAKS 37TH STREET, LLC
F & J STEAKS RYE, LLC

       Defendants,

Plaintiff, RICARDO WALKER (hereinafter, "Plaintiff"), on behalf of himself and others

similarly situated, by and through his undersigned attorney, hereby files this Class Action

Complaint against Defendants, F & J STEAKS 37TH STREET, LLC, and F & J STEAKS RYE,

LLC , and states as follows:

<u>**INTRODUCTION**</u>

     1.    This class action seeks to put an end to systemic civil rights violations committed

by Defendants F & J STEAKS 37TH STREET, LLC and F & J STEAKS RYE, LLC , LLC (hereafter

collectively as "Frankie and Johnnie's Steakhouse" or "Defendants"), against the blind in New

York State and across the United States. Defendants are denying blind individuals throughout

the United States equal access to the goods and services Frankie and Johnnie's Steakhouse

provides to their non-disabled customers through http://www.frankieandjohnnies.com (hereafter "Frankieandjohnnies.com" or "the website"). Frankieandjohnnies.com provides to the public a wide array of the goods, services, price discounts, employment opportunities and other programs offered by Frankie and Johnnie's Steakhouse. Yet, Frankieandjohnnies.com contains access barriers that make it difficult, if not impossible, for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even complete a transaction on the website. Frankie and Johnnie's Steakhouse thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including online shopping.

2.      Plaintiff is a blind individual. He brings this civil rights class action against Defendants for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, Frankieandjohnnies.com has many access barriers preventing blind people to independently navigate and complete a purchase using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired,

including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.     Many blind people enjoy online shopping just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service food industry and from independently accessing Frankieandjohnnies.com.

7.     Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendants has chosen to rely on an exclusively visual interface, including pop-up forms that are inaccessible. Frankie and Johnnie's Steakhouse's sighted customers can independently browse, select, and buy products online, such as steaks and bacon without the assistance of others. However, blind people must rely on sighted companions to assist them in accessing and buying food on Frankieandjohnnies.com.

8.     By failing to make the website accessible to blind persons, Defendants are violating basic equal access requirements under both state and federal law.

9.     Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

disabilities.

10.     Plaintiff browsed and intended to purchase a steak at Frankieandjohnnies.com. However, unless Defendants remedies the numerous access barriers on the website, Plaintiff and Class members will continue to be unable to independently navigate, browse, use and complete a transaction on Frankieandjohnnies.com.

11.     This complaint seeks declaratory and injunctive relief to correct Frankie and Johnnie's Steakhouse's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on Frankieandjohnnies.com so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately use Defendants' website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

<u>**JURISDICTION AND VENUE**</u>

12.     This Court has subject matter jurisdiction of this action pursuant to:

   a.     28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

   b.     28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

13.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over

Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*) and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

14.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

15.     Defendants are registered to do business in New York State and has been doing business in New York State, including the Eastern District of New York. Defendants maintains three restaurants  locations in New York State. Defendants also has been and is committing the acts alleged herein in the Eastern District of New York, has been and is violating the rights of consumers in the Eastern District of New York, and has been and is causing injury to consumers in the Eastern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Eastern District of New York. Specifically, Plaintiff attempted to purchase a steak on Defendants' website Frankieandjohnnies.com in Queens County.

## PARTIES

16.     Plaintiff, RICARDO WALKER, is and has been at all times material hereto a resident of Queens County, New York.

17.     Plaintiff RICARDO WALKER is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law. Plaintiff WALKER has no light perception and is completely blind. Plaintiff WALKER cannot use a computer without the assistance of screen reader software. Plaintiff WALKER has been denied the full enjoyment of the facilities, goods and services of Frankieandjohnnies.com, as well as to the facilities, goods and services of Frankie and Johnnie's

Steakhouse locations, as a result of accessibility barriers on Frankieandjohnnies.com. Most recently in March 2017, Plaintiff WALKER attempted to make a purchase on Frankieandjohnnies.com but could not add a steak to his cart due to the inaccessibility of the website. The inaccessibility of Frankieandjohnnies.com has deterred him and Class members from shopping at Frankie and Johnnie's Steakhouse locations.

18.     Defendant F & J STEAKS 37TH STREET, LLC is an American for-profit corporation organized under the laws of New York, with a process of service address at 32 WEST 37TH STREET

NEW YORK, NEW YORK, 10018.

19.     Defendant F & J STEAKS RYE, LLC is an American for-profit corporation organized under the laws of New York, with a process of service address at 77 PURCHASE ST. RYE, NEW YORK, 10580.

20.     Defendants owns and restaurants restaurants(hereafter "Frankie and Johnnie's Steakhouse Restaurants"), which are places of public accommodations. There are currently three Frankie and Johnnie's Steakhouse Restaurants in New York State, including two in New York county and one in Westchester county. These restaurants provide to the public important goods, such as steak and seafood. Frankie and Johnnie's Steakhouse also provides to the public a website service known as Frankieandjohnnies.com. Among other things, Frankieandjohnnies.com provides access to the array of goods and services offered to the public by Frankie and Johnnie's Steakhouse, including steaks, and other benefits related to these goods and services. The inaccessibility of Frankieandjohnnies.com has deterred Plaintiff from ordering food and refreshments online.

21.    Plaintiff, on behalf of himself and others similarly situated seeks full and equal access to the services provided by Frankie and Johnnie's Steakhouse through Frankieandjohnnies.com.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff, on behalf of himself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Frankieandjohnnies.com and as a result have been denied access to the enjoyment of goods and services offered in Frankie and Johnnie's Steakhouse Restaurants, during the relevant statutory period."

23.    Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access Frankieandjohnnies.com and as a result have been denied access to the enjoyment of goods and services offered in Frankie and Johnnie's Steakhouse Restaurants, during the relevant statutory period."

24.    There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. *Id.* Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

25.    This case arises out of Defendants' policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Frankieandjohnnies.com and Frankie and Johnnie's Steakhouse Restaurants. Due to Defendants' policy and practice of failing to remove access barriers, blind persons have been and are being

denied full and equal access to independently browse, select and shop on Frankieandjohnnies.com and by extension the goods and services offered through Defendants' website to Frankie and Johnnie's Steakhouse Restaurants.

26.     There are common questions of law and fact common to the class, including without limitation, the following:

   a.     Whether Frankieandjohnnies.com is a "public accommodation" under the ADA;

   b.     Whether Frankieandjohnnies.com is a "place or provider of public accommodation" under the laws of New York;

   c.     Whether Defendants through its website Frankieandjohnnies.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

   d.     Whether Defendants through its website Frankieandjohnnies.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of New York.

27.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that Frankie and Johnnie's Steakhouse has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on the website, Frankieandjohnnies.com, so it can be independently accessible to the class of people who are legally blind.

28.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendants has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

29.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

30.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

31.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

32.     Frankie and Johnnie's Steakhouse operates Frankie and Johnnie's Steakhouse Restaurants, which are restaurantsin New York.

33.     Frankieandjohnnies.com is a service and benefit offered by Frankie and Johnnie's Steakhouse and Frankie and Johnnie's Steakhouse Restaurants in New York State. Frankieandjohnnies.com is owned, controlled and/or operated by Frankie and Johnnie's Steakhouse.

34.    Frankieandjohnnies.com is a commercial website that offers products and services for online sale and delivery that are available in Frankie and Johnnie's Steakhouse Restaurants. The online store allows the user to browse items, menu descriptions and prices; view cooking instructions and recipes; purchase gift certificates; find shop locations; and perform a variety of other functions.

35.    Among the features offered by Frankieandjohnnies.com are the following:

(a)    information about location, hours of operation and phone numbers of Frankie and Johnnie's Steakhouse Restaurants;

(b)    an online store, allowing customers to make a purchase and fill out delivery address;

(c)    information about gift certificates that could be used for online purchase;

(d)    information about Frankie and Johnnie's Steakhouse's business gifts;

(e)    sale of many of the products and services available at Frankie and Johnnie's Steakhouse Restaurants in New York State.

36.    This case arises out of Frankie and Johnnie's Steakhouse's policy and practice of denying the blind access to Frankieandjohnnies.com, including the goods and services offered by Frankie and Johnnie's Steakhouse Restaurants through Frankieandjohnnies.com. Due to Frankie and Johnnie's Steakhouse's failure and refusal to remove access barriers to Frankieandjohnnies.com, blind individuals have been and are being denied equal access to Frankie and Johnnie's Steakhouse Restaurants, as well as to the numerous goods, services and benefits offered to the public through Frankieandjohnnies.com.

37.     Frankie and Johnnie's Steakhouse denies the blind access to goods, services and information made available through Frankieandjohnnies.com by preventing them from freely navigating Frankieandjohnnies.com.

38.     The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

39.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

40.     There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people

can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

41.     Frankieandjohnnies.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: lack of alternative text on graphics, inaccessible checkboxes, the lack of adequate prompting and labeling; lack of navigation links; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

42.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Frankieandjohnnies.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize alt-text to provide a description of the image to a blind computer user.) On Frankieandjonnies.com there is no alternative text for the graphics that describe their items for purchase such as, steak and steak sauce. As a result, Plaintiff and blind Frankie and Johnnie's Steakhouse customers are unable to determine what is on the website, browse the site, investigate Frankie and Johnnie's Steakhouse's menu, check product information and/or make any purchases.

43.     Navigability is a principle tenet of website accessibility that requires web content to be organized in a manner that helps user navigate, find content and determine where they are. There are many pages on Frankiesandjohnnies.com that do not adhere to clear navigability standards.     Plaintiff attempted to purchase a steak at Defendant's restaurant.     On

Frankiesandjohnnies.com, the page that describes the purchasable items is not compatible with screen reading software. Instead, blind users hear the "add to cart" button but are unsure as to what is being added to the cart.  As a result, blind users are unable to determine where they are and/or choose a membership on Defendants website.

44.     The lack of navigation links on Frankie and Johnnie's Steakhouse's website makes attempting to navigate through Frankieandjohnnies.com even more time consuming and confusing for Plaintiff and blind consumers.

45.     Frankieandjohnnies.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Frankieandjohnnies.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make purchases on Frankieandjohnnies.com.

According to WCAG 2 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every navigation bar option and footer on Defendant's website in an attempt to reach the desired service.  Thus, Frankiesandjohnnies.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently make purchases on Frankiesandjohnnies.com.

46.     Due to Frankieandjohnnies.com's inaccessibility, Plaintiff and blind customers must in turn spend time, energy, and/or money to make their purchases at a Frankie and Johnnie's Steakhouse shop. Some blind customers may require a driver to get to the shop or require assistance in navigating the shop. By contrast, if Frankieandjohnnies.com was accessible, a blind person could independently investigate products and programs and make purchases via the Internet as sighted individuals can and do.

47.     Frankieandjohnnies.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use Frankieandjohnnies.com and who would otherwise be able to fully and equally enjoy the benefits and services of Frankie and Johnnie's Steakhouse Restaurants in New York State.

48.     Plaintiff RICARDO WALKER has made numerous attempts to purchase a membership on Frankiesandjohnnies.com, most recently in March 2017, but was unable to do so independently because of the many access barriers on Defendant's website. Additionally, Plaintiff was unable to find the location on Defendant's website, preventing him from going into the physical location to complete a reservation. These access barriers have caused Frankiesandjohnnies.com to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

49.     As described above, Plaintiff has actual knowledge of the fact that Defendants' website, Frankieandjohnnies.com contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually impaired individuals.

50.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Frankieandjohnnies.com and Frankie and Johnnie's Steakhouse Restaurants.

51.     Frankie and Johnnie's Steakhouse engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

52.     Frankie and Johnnie's Steakhouse utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.


**FIRST CAUSE OF ACTION**

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

53.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

54.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

55.     Frankie and Johnnie's Steakhouse Restaurants located in New York State are sales

establishments and public accommodations within the definition of 42 U.S.C. § 12181(7)(E). Frankieandjohnnies.com is a service, privilege or advantage of Frankie and Johnnie's Steakhouse Restaurants. Frankie and Johnnie's Steakhouse is a service that is by and integrated with these Restaurants.

56.     Defendants are subject to Title III of the ADA because they own and operate Frankie and Johnnie's Steakhouse Restaurants.

57.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

58.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

59.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

60.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

61.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendants' business nor result in an undue burden to Defendants.

62.    The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Frankie and Johnnie's Steakhouse Restaurants who are blind have been denied full and equal access to Frankieandjohnnies.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

63.    Defendants has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

64.    As such, Defendants discriminate, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Frankieandjohnnies.com and Frankie and Johnnie's Steakhouse Restaurants in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its

implementing regulations.

65.     Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

66.     The actions of Defendants were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

67.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

68.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq*.)
(on behalf of Plaintiff and New York subclass)

69.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

70.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

71.     Frankie and Johnnie's Steakhouse Restaurants located in New York State are sales establishments and public accommodations within the definition of N.Y. Exec. Law § 292(9). Frankieandjohnnies.com is a service, privilege or advantage of Frankie and Johnnie's Steakhouse

Restaurants. Frankieandjohnnies.com is a service that is by and integrated with these stores.

72.    Defendants are subject to New York Human Rights Law because they own and operate the Frankie and Johnnie's Steakhouse Restaurants and Frankieandjohnnies.com. Defendants are a person within the meaning of N.Y. Exec. Law § 292(1).

73.    Defendants are violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to Frankieandjohnnies.com, causing Frankieandjohnnies.com and the services integrated with Frankie and Johnnie's Steakhouse Restaurants to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendants makes available to the non-disabled public.

74.    Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

75.    In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

76.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by

other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendants' business nor result in an undue burden to Defendants.

77.     Defendants' actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendants has:

(a)     constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)     constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

78.     Defendants has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

79.     As such, Defendants discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Frankieandjohnnies.com and Frankie and Johnnie's Steakhouse Restaurants under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

80.     The actions of Defendants were and are in violation of New York State Human

Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

81.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

82.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

83.    Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R,
Article 4 (CLS Civ R § 40 *et seq.*)
(on behalf of Plaintiff and New York subclass)

84.    Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

85.    Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

86.    N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof …"

87.    N.Y. Civil Rights Law § 40-c(2) provides that "no person because of … disability, as such term is defined in section two hundred ninety-two of executive law,

be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision"

88.     Frankie and Johnnie's Steakhouse Restaurants located in New York State are sales establishments and public accommodations within the definition of N.Y. Civil Rights Law § 40-c(2). Frankieandjohnnies.com is a service, privilege or advantage of Frankie and Johnnie's Steakhouse Restaurants. Frankieandjohnnies.com is a service that is by and integrated with these Restaurants.

89.     Defendants are subject to New York Civil Rights Law because they own and operate Frankie and Johnnie's Steakhouse Restaurants and Frankieandjohnnies.com. Defendants are a person within the meaning of N.Y. Civil Law § 40-c(2).

90.     Defendants are violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to Frankieandjohnnies.com, causing Frankieandjohnnies.com and the services integrated with Frankie and Johnnie's Steakhouse Restaurants to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendants makes available to the non-disabled public.

91.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendants' business nor result in an undue burden to Defendants.

92.     In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall

violate any of the provisions of sections forty, forty-a, forty-b or forty two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

93.     Specifically, under NY Civ Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the Defendants shall reside …"

94.     Defendants has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

95.     As such, Defendants discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

96.     Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every offense.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

97.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

98.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager,

superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

99.     Frankie and Johnnie's Steakhouse Restaurants located in New York State are sales establishments and public accommodations within the definition of N.Y.C. Administrative Code § 8-102(9). Frankieandjohnnies.com is a service, privilege or advantage of Frankie and Johnnie's Steakhouse Restaurants. Frankieandjohnnies.com is a service that is by and integrated with these stores.

100.     Defendants are subject to City Law because they own and operate Frankie and Johnnie's Steakhouse Restaurants and Frankieandjohnnies.com. Defendants are a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

101.     Defendants are violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Frankieandjohnnies.com, causing Frankieandjohnnies.com and the services integrated with Frankie and Johnnie's Steakhouse Restaurants to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendants makes available to the non-disabled public. Specifically, Defendants are required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

102.     Defendants' actions constitute willful intentional discrimination against the class

on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendants has:

> (d)  constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or
>
> (e)  constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or
>
> (f)  failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

103.   Defendants has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

104.   As such, Defendants discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Frankieandjohnnies.com and Frankie and Johnnie's Steakhouse Restaurants under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

105.   The actions of Defendants were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

106.   Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

107.   Plaintiff is also entitled to reasonable attorneys' fees and costs.

108.   Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies,

procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

109. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

110. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendants denies, that Frankieandjohnnies.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Frankieandjohnnies.com and by extension Frankie and Johnnie's Steakhouse Restaurants, which Frankie and Johnnie's Steakhouse owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

111. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

112. A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

113.     A preliminary and permanent injunction requiring Defendants to take all the steps necessary to make its website, Frankieandjohnnies.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Frankieandjohnnies.com is readily accessible to and usable by blind individuals;

114.     A declaration that Defendants owns, maintain and/or operate their website, Frankieandjohnnies.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of New York;

115.     An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

116.     Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of their civil rights under New York State Human Rights Law and City Law;

117.     Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

118.     For pre and post-judgment interest to the extent permitted by law; and

119.     Such other and further relief as the Court deems just and proper.


DATED: April 3, 2017                                    LEE LITIGATION GROUP, PLLC
                                                       C.K. Lee (CL 4086)
                                                       Anne Seelig (AS 3976)
                                                       30 East 39th Street, Second Floor
                                                       New York, NY 10016
                                                       Tel.: 212-465-1188
                                                       Fax: 212-465-1181

By: */s/ C.K. Lee*
   C.K. Lee, Esq.